[Cite as *Sekulovski v. Ohio Real Estate Comm.*, 2019-Ohio-280.]

## IN THE COURT OF APPEALS OF OHIO

## TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Tony Sekulovski, | : | |
| Appellant-Appellant, | : | |
| | : | No. 18AP-235 |
| v. | : | (C.P.C. No. 17CV-9599) |
| Ohio Real Estate Commission, | : | (REGULAR CALENDAR) |
| Appellee-Appellee. | : | |

## D E C I S I O N

### Rendered on January 29, 2019

**On brief:** *Fisher, Skrobot & Sheraw, LLC, Brett R. Sheraw, and John C. Ridge,* for appellant. **Argued:** *Brett R. Sheraw.*

**On brief:** [*Dave Yost*], Attorney General, and *Brian R. Honen,* for appellee. **Argued:** *Brian R. Honen.*

APPEAL from the Franklin County Court of Common Pleas

HORTON, J.

{¶ 1} Tony Sekulovski is appealing from the trial court's affirming of an adjudication of the Ohio Real Estate Commission. He assigns five errors for our consideration:

> [I.] THIS COURT SHOULD REVERSE THE DECISION AND ENTRY JOURNALIZED ON MARCH 9, 2018, WHICH AFFIRMED THE ADJUDICATION ORDER, AND THE ADJUDICATION ORDER BECAUSE THE NOTIFICATION DID NOT INCLUDE THE LAWS AND RULES THAT WERE THE SUBJECT OF THE HEARING THAT RESULTED IN THE ADJUDICATION ORDER AS REQUIRED BY OHIO REVISED CODE § 119.07 AND DID NOT ENABLE APPELLANT TO PREPARE AN ADEQUATE DEFENSE TO THE CHARGES AGAINST HIM AS REQUIRED BY DUE PROCESS UNDER THE OHIO AND UNITED STATES CONSTITUTIONS.

[II.] THIS COURT SHOULD REVERSE THE DECISION AND ENTRY JOURNALIZED ON MARCH 9, 2018, WHICH AFFIRMED THE ADJUDICATION ORDER, AND THE ADJUDICATION ORDER BASED UPON APPELLANT HAVING AN INACTIVE OHIO REAL ESTATE SALESPERSON LICENSE BECAUSE APPELLANT IS AN OUT OF STATE COMMERCIAL BROKER AS DEFINED BY OHIO REVISED CODE § 4735.01(S) AND OHIO REVISED CODE § 4735.022(A) AUTHORIZES AN OUT OF STATE COMMERCIAL BROKER TO PROVIDE THE REAL ESTATE SERVICES PROVIDED BY APPELLANT THAT ARE THE SUBJECT OF THIS APPEAL.

[III.] THIS COURT SHOULD REVERSE THE DECISION AND ENTRY JOURNALIZED ON MARCH 9, 2018, WHICH AFFIRMED THE ADJUDICATION ORDER, AND THE ADJUDICATION ORDER BASED UPON APPELLANT NOT PROVIDING MR. BRIGDON WITH A CERTIFICATE GOOD STANDING RELATED TO HIS ARIZONA LICENSE BECAUSE ARIZONA DOES NOT ISSUE CERTIFICATES OF GOOD STANDING REGARDING ITS LICENSED REAL ESTATE BROKERS, APPELLANT PROVIDED MR. BRIGDON WITH A DOCUMENT THAT IS SUBSTANTIALLY SIMILAR TO A CERTIFICATE OF GOOD STANDING AND WAS IN GOOD STANDING AT ALL TIMES RELEVANT TO THE TRANSACTIONS AT ISSUE, AND THE OHIO DIVISION OF REAL ESTATE SUBSEQUENTLY ACCEPTED A DOCUMENT SIMILAR TO THE DOCUMENT ORIGINALLY PROVIDED TO MR. BRIGDON AS BEING SUBSTANTIALLY SIMILAR TO A CERTIFICATE OF GOOD STANDING.

[IV.] THIS COURT SHOULD REVERSE THE DECISION AND ENTRY JOURNALIZED ON MARCH 9, 2018, WHICH AFFIRMED THE ADJUDICATION ORDER, AND THE ADJUDICATION ORDER BASED UPON MR. BRIGDON NOT REVIEWING EVERY TRANSACTION DOCUMENT RELATED TO THE TRANSACTIONS AT ISSUE AS THE RECORD DOES NOT SUPPORT SUCH A CONCLUSION AND APPELLANT IS NOT STATUTORILY REQUIRED TO ENSURE THAT MR. BRIGDON REVIEW EVERY TRANSACTION DOCUMENT.

[V.] THIS COURT SHOULD REVERSE THE DECISION AND ENTRY JOURNALIZED ON MARCH 9, 2018, WHICH AFFIRMED THE ADJUDICATION ORDER, AND THE

ADJUDICATION ORDER BASED UPON A FAILURE TO DEPOSIT COMMISSIONS FROM THE TRANSACTIONS AT ISSUE IN MR. BRIGDON'S TRUST ACCOUNT AS NEITHER APPELLANT NOR MR. BRIGDON WERE REQUIRED TO DEPOSIT COMMISSIONS THAT HAVE BEEN FULLY EARNED IN MR. BRIGDON'S TRUST ACCOUNT.

{¶ 2} Proceedings before the Ohio Real Estate Commission were conducted by a hearing examiner. The hearing examiner conducted the proceedings after Sekulovski received a notice of formal hearing, which notified Sekulovksi of the charges against him and informed him of the date and time of the formal hearing. The notice included a document called Schedule A, which includes the following:

> You, Tony Sekulovski, a licensed real estate salesperson (License # 0000344422), did the following between approximately February of 2014 and approximately October of 2014 with respect to one or more of the following properties: 9311 Mason Montgomery Road, Mason, Ohio; 2364 Kings Center Court, Mason, Ohio:
>
> 1. Due to your arrangement or relationship with Christopher Brigdon (Brk # 2009001773) failing to comply with one or more requirements found in Ohio Revised Code Section 4735.022(A), you acted like an Ohio broker even though you did not maintain an Ohio broker's license and/or you acted like an active Ohio real estate licensee even though your Ohio real estate salesperson license was inactive. This conduct constitutes a violation of Ohio Revised Code Section 4735.18(A)(6), misconduct as that section incorporates Ohio Revised Code Section 4735.02(A) which provides that no person shall act as a real estate broker without being licensed pursuant to Chapter 4735 or Ohio Revised Code Section 4735.18(A)(6), misconduct, as that section incorporates Ohio Revised Code Section 4735.02(A) which provides no person shall provide services that require a license pursuant to Chapter 4735 when the licensee's license is inactive.

{¶ 3} The formal hearing was conducted on June 6, 2017.

{¶ 4} In light of the above, the first assignment of error has no merit and is therefore overruled.

{¶ 5} The second assignment of error acknowledges that Sekulovksi's Ohio Real Estate License was inactive at the time of the transactions, but alleges that Sekulovksi had a valid Arizona broker's license which enabled him to conduct the alleged transactions.

The problem with appellant's argument is that he never proved to the Ohio Real Estate Commission that he had the necessary Arizona broker's license. Appellant cannot reasonably assert that his inactive Ohio license allowed him to conduct the transactions. Considering those two facts, the second assignment of error is overruled.

{¶ 6}  The third assignment of error is related to the second assignment of error. Sekulovksi did not provide a certificate of good standing from Arizona and the Ohio Real Estate Commission had the discretion to reject the documents he submitted in lieu of the documents required by Ohio law.

{¶ 7}  The third assignment of error is overruled.

{¶ 8}  In light of the other findings above, the fourth and fifth assignments of error are moot. Since Sekulovski never demonstrated that he had the legal authority to conduct the real estate transactions in Ohio, what documents were or were not reviewed is irrelevant. Likewise, the account or accounts into which the commissions were deposited is irrelevant.

{¶ 9}  The fourth and fifth assignments of error are rendered moot.

{¶ 10} In summary, the first, second, and third assignments of error are overruled. Our rulings as to the first, second, and third assignments of error render the fourth and fifth assignments of error moot.

{¶ 11} The judgment of the Franklin County Court of Common Pleas affirming the ruling of the Ohio Real Estate Commission is affirmed.

*Judgment affirmed.*

TYACK, J., concurs.
DORRIAN, J., dissents.
_____